Dear Constable Billings:
This office is in receipt of your opinion request in which you present the following issues:
 1. Can the marshal for the Bastrop City Court serve papers outside the territorial jurisdiction of the Bastrop City Court from which he was elected?
 2. Can the City Marshal for Bastrop City Court also hold the position of deputy sheriff for Morehouse Parish?
The Bastrop City Court was created by Special Legislative Act in LSA-R.S. 13:1952, which established the City Court of Bastrop having a City Judge and a City Marshal. LSA-R.S.13:1892, states:
§ 1892. Service of process and other writs.
 Service of all writs and processes in civil or criminal cases issuing from the city court shall be made by the marshal or by any sheriff or deputy sheriff where they respectively exercise their authority, or by any police officer of the city or town where the service is to be made. It shall be the duty of these officers to execute all such writs and processes which are placed in their hands for service by the direction of the court.
While this statute does not specifically define the phrase "where they respectively exercise their authority", it is our opinion that this phrase allows the city marshal only to serve papers within the territorial jurisdiction of the city court. We found no language or statutes which expand the jurisdiction of the city marshal to serve papers beyond this territorial jurisdiction. Civil Code of Civil Procedure Article 332 states:
 "When authorized to do so by the sheriff, a constable of a justice of the peace court, or a constable or marshal of a city court, within the territorial jurisdiction of his court, may serve any process and execute any writ or mandate which the sheriff is authorized to serve or execute.
 For such purposes, the constable or marshal possess the powers and authority of a sheriff; a service or execution so made has the same affect as if made by the sheriff, and the latter is responsible for the performance and nonperformance of his duties by a constable or marshal in such cases."
Given the above cited statutes, it is our opinion that the marshal for the City Court of Bastrop, in his capacity as marshal, cannot serve papers outside the territorial jurisdiction of the City Court of Bastrop.
Regarding the dual officeholding issue, LSA-R.S. 42:63 (D) provides:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of the state or in the government of a political subdivision thereof.
The prohibitory language of LSA-R.S. 42:63 (D) would prevent simultaneous holding of the offices of City Court Marshal and Deputy Sheriff where the position of deputy sheriff is held on a full-time basis, as defined within the Dual Office Holding and Dual Employment Law in LSA-R.S. 42:62:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time. See LSA-R.S. 42:62 (4) and (5).
The law permits the holding of local elective office and appointive office on a part-time basis.
Thus, it is permissible for a city court marshal to also hold the position of a part-time deputy sheriff.
We hope the foregoing has sufficiently addressed your concerns. If our office may be of further assistance, please contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI:JRW:glb